**Fatjon STEFA, a.k.a. Fayton Stefa, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–1985–ag.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Robert G. McCampbell, United States Attorney for the Western District of Oklahoma; Steven K. Mullins, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for his predecessor as a respondent in this case.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Fatjon Stefa petitions for review of an BIA order affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). This Court will reverse the eligibility determination "only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ's adverse credibility determination was based on substantial and material inconsistencies in the record, including:

1) Stefa's failure to describe in his testimony that he had been beaten by three Socialist agents in July 2001, even though the July 2001 incident prompted Stefa to leave Albania, it was the most recent incident recounted in his application, and it arose out of different circumstances than those described in a 1997 incident that Stefa instead discussed;

2) the failure of Stefa's family members in their affidavits to describe their physical mistreatment by Socialist authorities before and after Stefa's departure from Albania even though Stefa's asylum claim was based on a claimed family history of persecution;

3) a conflict between Stefa's testimony and the record of monetary contributions to the Democratic Party he proffered at the hearing; and

4) Stefa's inability to identify the branch leader of the Democratic Party.

These inconsistencies support the IJ's adverse credibility determination because they involve "the heart of the asylum claim," *see Secaida–Rosales*, 331 F.3d at 308 (citing *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002)), and are not "minor and isolated disparities." *Id.* (citing *Diallo*, 232 F.3d at 288).

Because the IJ reasonably concluded that Stefa failed to meet his burden of proof to establish by credible testimony or other evidence that he had been persecuted in Albania, or has a well-founded fear or faces a likelihood of persecution or torture if returned to Albania, Stefa has not established eligibility for asylum, withholding of removal, or relief under the CAT.

For the foregoing reasons, the petition for review is DENIED and the stay of removal previously granted in this petition is VACATED.